UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIRIZAK ABDI,<br><br>      Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; et al.,<br><br>      Defendants. | Case No.: 18cv713-BEN(KSC)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

  Before the Court is the parties' Joint Motion to Continue Discovery and Pre-Trial Deadlines. In the Joint Motion, the parties request that the Court extend the deadline for completing fact discovery and adjust other dates and deadlines as necessary. The parties seek additional time to complete discovery because of unexpected scheduling conflicts, including defense counsel's trial schedule. In addition, the parties are engaged in ongoing settlement negotiations and believe postponing deadlines with assist the parties in fully exploring settlement possibilities before incurring unnecessary litigation expenses. [Doc. No. 20, at pp. 1-2.]

  1.  All fact discovery shall be completed by all parties by **_January 3, 2020_**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period

of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Civil Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. The parties shall designate their respective experts in writing by ***February 3, 2020***. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by ***February 18, 2020***. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By ***March 23, 2020***, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of**

///
///

**trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **_April 3, 2020_**.

5. All expert discovery shall be completed by all parties by **_May 6, 2020_**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. When filing a Motion for Summary Judgment and/or Adjudication, the parties need not file a separate statement of material facts absent prior leave of court.

7. A Mandatory Settlement Conference shall be conducted on **_May 18, 2020_** at **_9:30 a.m._** in the chambers of **Magistrate Judge Karen S. Crawford**. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **_May 11, 2020_**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

8. All other pretrial motions must be filed by **_June 15, 2020_**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Deadlines for filing motions *in limine* will be set by the district judge at the final Pretrial Conference.

9. In jury trial cases before the Honorable Roger T. Benitez, neither party, unless otherwise ordered by the Court, is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f)(2).

10. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **_September 21, 2020_**. Failure to comply with these

disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **_September 28, 2020_**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **_October 5, 2020_**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **_October 13, 2020_**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Roger T. Benitez** on **_October 19, 2020_** at **_10:30 a.m_**.

15. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

19. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: October 4, 2019

Hon. Karen S. Crawford
United States Magistrate Judge